# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ROBERT VITO and | : | CIVIL ACTION |
| UNEQUAL TECHNOLOGIES COMPANY | : | |
| | : | |
| v. | : | |
| | : | |
| RSUI INDEMNITY COMPANY | : | NO. 19-1941 |

| WILLIAM LANDMAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| RSUI INDEMNITY COMPANY | : | NO.   19-2468 |

## MEMORANDUM

**Savage, J.**                                                                                                                         **September 5, 2019**

In each of these cases, the defendant RSUI Indemnity Company ("RSUI") has moved to file under seal an exhibit to its answer and affirmative defenses, and its motions for judgment on the pleadings together with exhibits.  The exhibit to the answer is a copy of the Complaint filed in the Court of Common Pleas of Montgomery County, Pennsylvania.  RSUI claims that the plaintiffs in these cases, Unequal Technologies Company, Robert Vito and William Landman, designated the Complaint as "Confidential" pursuant to a confidentiality agreement which states that the parties agree to use their "best efforts to have [any documents marked] 'CONFIDENTIAL' . . . filed under seal."

The motions for judgment on the pleadings and the exhibits attached to them do not contain any confidential information.  The exhibits consist of the insurance policy at issue, a demand letter from an attorney, and pleadings in the two underlying state court actions.  Other than the order sealing the complaint in the state court, RSUI does not assert any grounds to support its request to seal.

RSUI cites the Stipulation and Order Sealing Documents that was approved in the underlying state court action in the Montgomery County Court of Common Pleas. It appears that the state court judge did not conduct any inquiry to determine if there was good cause for sealing the Complaint and instead relied upon the parties' representation that "good cause exists . . . to protect the parties to this litigation from any unreasonable annoyance, embarrassment, oppression, burden or expense that may result from the disclosure of such confidential information." The parties do not now offer any justification for deeming the Complaint protected.

Merely because the plaintiffs have designated the Complaint and other documents as confidential does not make it so. Although the parties may agree to shield information contained in discovery materials, they may not do so once those materials become part of the court record. Thus, the parties may have entered into an agreement to keep documents confidential during discovery, but that agreement does not protect judicial documents from disclosure.

A more rigorous standard is applied in determining whether court documents can be sealed than is applied to protective orders shielding discovery materials. Once a discovery document becomes a court document filed of record, a presumptive right of public access arises. *In Re: Avandia Marketing, Sales Practices and Products Liability Litig.*, 924 F.3d 662 (3d Cir. 2019).

"The First Amendment right of access requires a much higher showing than the common law right [of] access before a judicial proceeding can be sealed." *Id.* at 673 (*citing In re: Cendant Corp.*, 260 F.3d 183, 198 n.13 (3d Cir. 2001)). Any restriction on

this right is evaluated under a strict scrutiny standard. *Id.*

The presumption of openness may be overcome. *Id.* at 672 (*citing Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)). The party seeking to seal documents has the burden of showing "that the interest in secrecy outweighs the presumption" and disclosure will cause the proponent "a clearly defined and serious injury." *Avandia*, 924 F.3d at 671. In defining the injury, the proponent must be specific. "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* Absent specificity, a court cannot conduct the balancing of competing interests required before the presumption of public access can be overcome by the parties' secrecy interests.

When a court analyzes a request for a sealing order, it must do so on a document-by-document basis. Thus, the proponent of sealing must articulate with specificity the injury that would result if the particular document or parts of it were made public.

Sealing orders may not be routinely entered without the requisite rigorous analysis. A court must always balance the private versus the public interests and articulate findings in deciding whether to enter a sealing order. The motions provide insufficient information to allow us to perform the necessary balancing test.

In stipulating to a confidentiality agreement in state court, the parties there represented that good cause existed to protect themselves from "unreasonable annoyance, embarrassment, oppression, burden or expense that may result from the disclosure of such confidential information." Although those reasons may be sufficient to justify an order shielding discovery materials from disclosure, they are not enough for

3

a sealing order.

The plaintiffs are seeking a declaration that RSUI has an obligation to defend and indemnify them in the underlying action in the Common Pleas Court of Montgomery County and the Common Pleas Court of Chester County. Consequently, the state court actions are the focus of the insurance dispute in this case. In deciding whether there is a duty to defend and to indemnify, we must review the Complaints in the underlying actions. Our determination and rationale would have no meaning without describing and considering the allegations in those Complaints. The public is entitled to know the nature of the dispute, and why the defendant does or does not have a duty to defend and indemnify the plaintiffs. Therefore, the public interest outweighs any unarticulated private interests.

/s/ TIMOTHY J. SAVAGE J.